CASE 64—PETITION ORDINARY—JUNE 5.

## Denton v. Crouch, &c.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

1. SURETIES ON ADMINISTRATOR'S BOND—DEVASTAVIT.—An administrator having collected rents which accrued after the death of his intestate, and which belonged to the widow and heir, and which he, as administrator, had no right to collect, the sureties on his bond are not liable for his misappropriation of such fund; and the fact that he expended the greater part of all rents so collected by him in the payment of claims against the estate of his intestate, to the payment of which the estate would otherwise have been subjected, does not change the rule, as the sureties in his bond were entitled to full benefit of such payment without regard to where he obtained funds to make them.

C. C. TURNER FOR APPELLANT.

1. Gillispie's default in his dealings with the appellant was in his capacity as administrator of her deceased husband, and not in

his capacity as her agent in the collection of rents; he testifies himself, that he applied all the rents collected by him, which accrued subsequent to Denton's death, to the payment of claims against his estate, and thereby sufficiently accounts to appellants for such rents as came to his hands as her agent, and appellant is not complaining of that application of the rents; that being true the default was necessarily in his capacity as administrator, for the evidence shows that he was in default one way or the other.

2. If appellant herself had collected the rents on her lands and had applied the same to the payment of debts against the estate of her deceased husband, and thereby lifted the burden of debt from the property of herself and child, would the sureties on the administrator's bond have been released from liability on account of the administrator's default in accounting for what came to his hands as administrator? That is exactly what was done, except it was done by appellant's agent, who happened to be the administrator.

O'REAR & BIGSTAFF ON SAME SIDE.

1. It is shown by the evidence of the administrator himself, that no part of the devastavit alleged was composed of, or occasioned by the collection of the rents by him. The rent money collected by him has been accounted for, and as a matter of fact has been applied to the payment of the debts against the decedent's estate; but the devastavit consisted in his failure to account for a misappropriation of funds which belonged to the estate, and properly came to his hands as administrator.

2. Where one debt is better secured than another the court may apply the payments to the demand least secure; or in case one debt is secured and another not secured, the payment will be applied to the unsecured debt. Blanton v. Rice, 5 Monroe, 254. Burk v. Albert, 4 J. J. M., 99; McDaniel v. Barnes, 5 Bush, 185; 5 Amer. & Eng. Enc. of Law, pp. 199 and 200.

TYLER & APPERSON FOR APPELLEES.

1. In the county court settlement the administrator was erroneously charged with the rents received by him, which accrued after the death of the decedent, and after crediting him by such erroneous charge there remains no balance in his hands. Smith v. Blanford, 7 B. M., 21; Wilson's Guardian v. Unselt's Administrator, 12 Bush, 205.

2. This is not an equity action in which the marshalling of assets

of an insolvent estate is involved, but is simply a question with the sureties as to whether or not they are liable for something not embraced in their covenant.

WOODFORD & CHENAULT ON SAME SIDE.

1. The pleadings and evidence in this case show that if Gilliespie had not in his final settlement in the county court been erroneously charged with funds collected by and held by him in the capacity of administrator and as agent and trustee for the widow and heir there would have been no default, and this can not be done.   Blanton v. Rice, 5 Monroe, 254.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

This was a suit by appellant, widow of John W. Denton, deceased, against J. C. B. Gillespie and the appellees, who were sureties upon his bond as Denton's administrator.

The petition alleges a settlement of Gillespie's accounts as administrator in the county court, by which there was found to be due appellant the sum of $410.53.

The answers of appellees admit that the settlement in the county court recites that the sum claimed was found to be due appellant, but aver that the settlement was erroneous and incorrect, and that if correctly made it would have shown the estate was indebted to the administrator.   The error is alleged to be the charge against Gillespie of rent collections, amounting to some twelve hundred dollars, made by him under contracts of lease entered into after the death of his intestate of real estate descended to the widow and heir, and it is claimed that these rents were not assets with which he was chargeable as administrator.

The reply of appellant admits the charge of the rents to Gillespie in the settlement, but alleges that these rents were paid out by him "by paying off divers and sundry claims

that were proven against and payable by the estate," and were allowed as credits in the settlement. The reply further alleges that the deficit shown by the settlement was caused, not by the collection of the rents and their payment on claims against the estate, but by his failure to account and pay for cattle taken by himself and tobacco sold by him which belonged to the estate. It is further alleged that some $250 of the credits allowed him were not payments of claims against the estate, but claims against the land for fencing, &c., created after the death of his intestate and paid out of the rent. The reply prays that, to the extent Gillespie failed to collect or account for claims due the estate, or for the amounts owing by him, he be adjudged to have committed a *devastavit*, and for judgment accordingly.

The rejoinder denies the affirmative averments of the reply.

By an amended answer, counter claim and set-off, the appellees claim two credits of $203 and $223, respectively, for sums paid by their principal on claims against his intestate as guardian of his niece.

Upon the trial, the court gave a peremptory instruction for appellees.

The sole question necessary to be decided is, whether, by the admitted fact that Gillespie expended the greater part of the rents collected by him, and which belonged to the widow and heir, in the payment of claims against the estate of his intestate, there are eliminated from his account as administrator all credits for payments so made by him out of such rents, and therefore the sureties in his bond can be held liable for any deficit that may appear in his account

after eliminating both the charge for the rents collected and the credits for payments made therewith of claims against the estate.

It is admitted by appellant's counsel that the administrator, as such, had no right to collect the rents, and that in collecting them he was acting not as administrator, but as trustee or agent of the widow and heir. But it is very earnestly and ingeniously argued for appellant that inasmuch as Gillespie expended the rents in satisfying claims against the estate, to the payment of which the estate would otherwise have been subjected, and as no complaint is made by the persons entitled to the rents, these payments were made by him in his capacity of agent or trustee of the widow and heir, and he is not entitled to credit therefor. But we regard this question as too well settled to admit of argument. Gillespie collected rents which accrued after the death of his intestate and which belonged to the widow and heir. This was a misappropriation of funds belonging to the widow and heir, for which he was responsible to them as their agent and trustee. On the other hand, he was entitled to credit in his account as administrator for all payments made by him of claims due from his intestate, without regard to where he obtained the funds to make them, and the sureties in his bond as administrator are entitled to the benefit of such payments. To hold otherwise would be to hold his sureties responsible for funds which did not come to his hands as administrator. In 7th Ben Monroe, page 22, Smith v. Bland, this court said:

"The administrator took upon himself to rent out the lands and collect the rents for the same. And deducting

the rents from the amount of the assets which came to his hands, it appears that he has disbursed in the payments of debts, and in the costs of administration, a much larger amount than the personal estate which he received. For the rents his surety, if security had been taken, could not have been made liable. They were not assets which he as administrator had a right to receive. Though he might be made personally liable for the same, as trustee, his sureties could not, as they must be regarded as undertaking for his faithful administration of such assets only as he might rightfully receive as administrator."

And in Wilson v. Unselt's Adm'r, 12 Bush, 219, this court in a very well considered opinion by Judge Pryor, said:

"At the common law, if the landlord died before the rent became due it passed to the heir, but if payable at his death it passed to his personal representative as part of the personal estate. The administrator had no right to take charge of or control the realty; and if he did so, while his own liability can not be questioned, the surety in the administration bond is not liable, for the reason that the rents were not assets that, as administrator, he had the right to receive. (See Smith v. Bland, 7 B. Monroe, page 21; 3 Kent, 580. See also Eastin v. Hatchitt, 15 R., 780.)

A number of cases are relied on by appellant as showing that she is entitled to have Gillespie's payments applied first to the discharge of his obligation to pay over the rents received by him. Those rents appear to have been actually applied by the debtor to the discharge of his obligation as administrator, and he had the undoubted right, under the

authorities cited by appellant, to apply the payments as he chose.

In view of this case taken by the court, it is unnecessary to consider the admissibility of the evidence introduced by appellees in support of their claim for additional credits, as the amount of the credits to which Gillespie is entitled as administrator more than covers the deficit claimed under the settlement.

For the reason stated the judgment is affirmed.